IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3050-D

| | |
|---|---|
| BRANDON JARROD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHANTICIA HAWKINS, et al., ) | |
| ) | |
| Defendants. ) | |

On February 2, 2022, Brandon Jarrod Johnson ("plaintiff" or "Johnson"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1, 2, 8]. On March 30, 2022, the court granted Johnson's motion to amend to add a copy of a grievance, reviewed Johnson's complaint under 28 U.S.C. § 1915A, and allowed the action to proceed against defendant Reid [D.E. 9]. On August 23, 2022, the court granted in part Johnson's motion to amend and allowed Johnson to proceed with his Eighth Amendment claim against defendants Hawkins, Bennett, and Watson-Hargrove [D.E. 24]. On February 9, 2023, the court dismissed without prejudice defendant Reid pursuant to Federal Rule of Civil Procedure 4(m) [D.E. 44]. NCPLS assisted Johnson with conducting discovery [D.E. 47]. On June 9, 2023, discovery concluded [D.E. 43].

On November 3, 2023, the remaining defendants moved for summary judgment [D.E. 56].[1] On November 6, 2023, the court notified Johnson about the motion for summary judgment, the

---

[1] Defendants also move to seal certain exhibits which include a portion of Johnson's medical and mental health records and a report of a PREA investigation [D.E. 61]. The court has considered the motion under the governing standard. See, e.g., Courthouse News Serv. v.

consequences of failing to respond, and the response deadline [D.E. 62]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On December 1, 2023, Johnson responded in opposition with a declaration [D.E. 66]. As explained below, the court grants defendants' motion for summary judgment and dismisses the action.

I.

Johnson is incarcerated at Pamlico Correctional Institution. See [D.E. 46]. The allegations of Johnson's complaint arose at Warren Correctional Institution, where Johnson alleges that defendant Reid, a former Warren correctional officer, "forced [Johnson] to have sexual encounters with her without consent . . . . on several different occasions." Compl. [D.E. 1] 2, 5. "An investigation was immediately launched into these allegations," and Reid resigned employment and was referred to outside law enforcement. Defs.' SMF [D.E. 58] ¶¶ 18–19, 22; see [D.E. 6-1, 14].

Reid "was hired on November 27, 2006." Defs.' SMF ¶ 12. "Reid did not have any prior PREA allegations and was up to date on all training, including PREA training and sexual harassment training." Id. at ¶ 11. On September 9, 2021, a correctional officer "witnessed . . . Reid performing fellatio on . . . Johnson in" an office and reported it to a captain, who reported it to defendant Hawkins. Id. at ¶¶ 13, 15; see Pl.'s Decl. [D.E. 66] 1. Defendant Hawkins directed prison staff to separate Reid and Johnson and reported the allegations to her supervisor. See Defs.' SMF ¶¶ 15, 17. Defendant Bennett "was out on leave . . . and first learned about [the incident] when she returned." Id. at ¶ 37. Defendant Watson-Hargrove "was at home [and] . . . . first learned

---

Schaefer, 2 F.4th 318, 326 (4th Cir. 2021); Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014). The court grants the motion.

2

of [the incident] when she returned. Id. at ¶¶ 45–46. Johnson received a PREA medical assessment and mental health treatment. See id. at ¶¶ 25–26, 30.

The remaining defendants swear under oath that they were "unaware of any sexual abuse or reports of sexual abuse prior to the September 9, 2021, report relating to Earth Reid or Brandon Johnson." Id. at ¶ 24; see id. at ¶¶ 39, 44. Johnson contends that he "had written to [defendants] on several different occasions" and that "it was just taken as some sort of joke by them" until a physician brought a grievance to defendants' attention. Pl.'s Decl. 2; contra Defs.' SMF ¶¶ 51–52. On November 16, 2021, Johnson submitted a grievance describing the September 9, 2021 incident. See [D.E. 6-1, 60-6]. Johnson wrote: "This had been going on for two months or so. I never spoke up due to fear of being retaliated against and placed in segregation for something out of my control." [D.E. 6-1] 3; see [D.E. 60-6] 4.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 248–49. In making this

3

determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

Johnson contends that the remaining defendants failed to protect him from Reid's sexual assaults. The court analyzes the claim under Farmer v. Brennan, 511 U.S. 825 (1994), which requires Johnson to show that "subjectively the [moving defendants] acted with a sufficiently culpable state of mind" and were deliberately indifferent to his safety by actually knowing of and disregarding an objectively serious risk of harm. De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (cleaned up); see Castillo v. Day, 790 F.3d 1013, 1019–21 (10th Cir. 2015); Danser v. Stansberry, 772 F.3d 340, 346–47 (4th Cir. 2014); Beers-Capitol v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Deliberate indifference "sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see Castillo, 790 F.3d at 1021. Each defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." Farmer, 511 U.S. at 837; see Makdessi v. Fields, 789 F.3d 126, 133–35 (4th Cir. 2015); Beers-Capitol, 256 F.3d at 131. Moreover, Johnson must prove defendants' "actual knowledge of the risk of harm to" him and that defendants "recognized that [their] actions were insufficient to mitigate" the objectively serious risk of harm. Iko, 535 F.3d at 241 (cleaned up). At bottom, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam); see Wilson v. Seiter, 501 U.S. 294, 298–99 (1991).

4

Even viewing the record in the light most favorable to Johnson, he has failed to demonstrate a genuine issue of material fact concerning whether any moving defendant was deliberately indifferent to his safety. While an "official's subjective actual knowledge can be proven through circumstantial evidence," Makdessi, 789 F.3d at 133, Johnson's complaint and supplemental filings are not verified, and the vague, self-serving assertions in his declaration without citation to evidence in the record do not comply with this court's local rules and are insufficient to defeat defendants' motion for summary judgment. See Celotex Corp., 477 U.S. at 324; Goodman v. Diggs, 986 F.3d 493, 498–99 (4th Cir. 2021); CTB, Inc. v. Hog Slat, Inc., 954 F.3d 647, 658 (4th Cir. 2020). Accordingly, the court grants defendants' motion for summary judgment.

## II.

In sum, having previously dismissed all other claims and defendants without prejudice, see [D.E. 9, 44], the court GRANTS the remaining defendants' motions to seal and for summary judgment [D.E. 56, 61], and DISMISSES WITH PREJUDICE plaintiff's Eighth Amendment claims against defendants Hawkins, Bennett, and Watson-Hargrove. The clerk shall close the case.

SO ORDERED. This 5 day of March, 2024.

JAMES C. DEVER III
United States District Judge